UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| KENNETH E. DICKSON ) | |
| ) | |
| v. ) | NO. 2:08-CV-24 |
| ) | |
| WASHINGTON COUNTY DETENTION ) | |
| CENTER and/or MEDICAL STAFF OF ) | |
| SAME ) | |

**MEMORANDUM**

Proceeding *pro se*, Kenneth E. Dickson, an inmate confined in the Washington County Detention Center (WCDC), brings this civil rights complaint for injunctive relief and damages under 42 U.S.C. § 1983. The defendants are the WCDC and its Medical Staff. Plaintiff is **ASSESSED** the full filing fee of three hundred and fifty dollars ($350).

The custodian of plaintiff's inmate trust account at the facility where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to his inmate trust account or the average monthly balance in his account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to the

account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court.[1] 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at the WCDC to ensure compliance with the above fee-assessment procedures.

The complaint now must be screened to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

At the outset, plaintiff has named as the first defendant a non-suable entity. The WCDC is a building and not a "person" who can be sued under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 688-90 (1978); *Cage v. Kent County Correctional Facility*, 1997 WL 225647, at **1 (6th Cir. May 1, 1997) (jail is not a suable entity). Additionally, the Medical Staff at the WCDC is not a "person" who can be sued under § 1983. *See Hix v. Tennessee Dept. of Corrections*, 196 Fed. Appx. 350 *355 (6th Cir. Aug. 22, 2006) ("[W]e conclude that the defendant medical departments are not "persons" under § 1983."). But even if defendants were

---

[1] Payments should be mailed to:   Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

"persons" who could be sued under § 1983, plaintiff has failed to state a claim against them.

In his complaint, plaintiff makes the assertions which follow. About one year ago, he developed an infection in his head, but the Medical Staff waited over two weeks before the doctor diagnosed the malady as staph. Even before this, plaintiff had lumps in his neck, which occasionally cause his neck to "lock." While plaintiff was trying to get something done about his neck, he slipped on standing water outside the shower and pulled something in his groin. Since then, the pain is not only in his neck, but in his groin, in his kidneys, in his lower back, and running down the tendons in his left leg and arm. At times, his left eye also seems to have a film on it.

The WCDC has taken the position that it would not pay for tests which, according to an outside doctor, were needed by plaintiff. Plaintiff had no such problems when he arrived at the WCDC, and believes that, had those problems been addressed promptly—as promptly as the medical staff acts to deduct its fee from his inmate trust account, those problems would be gone by now. Plaintiff is not seeking drugs, as the medical staff believes. He indicates that he wants more than the ineffective treatment which is offered: he wants to be "done right." Plaintiff requests a medical evaluation of the problems in his groin, lower stomach, side, back, and kidney, as well as damages of three and a half million dollars [$3,500,000],

presumably for the pain he allegedly has endured.

The Eighth Amendment proscribes punishments that involve the unnecessary and wanton infliction of pain. Deliberate indifference to an inmate's serious medical needs constitutes an unnecessary and wanton infliction of pain and, therefore, a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An Eighth Amendment claim is composed of two components: an objective component, which requires plaintiff to show a "sufficiently serious" deprivation, and a subjective component, which requires a showing of a sufficiently culpable state of mind —one of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 and 842 (1994).

Deliberate indifference is illustrated by a prison official who acts or fails to act despite knowledge of a substantial risk of serious harm to an inmate under his care. *Id*. However, where a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). By the same token, no viable Eighth Amendment claim is stated by allegations that a medical condition has been negligently diagnosed or treated, and the mere fact that the victim happens to be a prisoner does not convert it into a constitutional violation. *Estelle*, 429 U.S. at 106. Finally, a divergence of medical opinion regarding treatment does not amount to deliberate indifference. *Shofner v. Comacho*, 2000 WL 1359633, at*2 (6th Cir. Sept. 14, 2000) (citing, *inter alia*, *Estelle*, 429 U.S.

at 107).

Assuming, without finding, that plaintiff's various symptoms and conditions amount to serious medical needs, plaintiff must still show deliberate indifference, which he has not.[2] Here, plaintiff acknowledges that he has seen two doctors—one at the WCDC and the other an outside doctor, that he has received a diagnosis; and that he has been offered medications, however inefficacious he finds this treatment. "The right to be free from cruel and unusual punishment does not include the right to treatment of one's choice." *Layne v. Vinzant*, 657 F.2d 468, 473 (1st Cir. 1981). The Court does not see any conduct in this case that rises to the level of deliberate indifference. Furthermore, to the extent that plaintiff is complaining about the failure to promptly diagnose his infection, this allegation sounds in negligence and fails to state a claim entitling the plaintiff to relief under § 1983. *Estelle*, 429 U.S. at 106. Finally, since the only date mentioned in the complaint is "about a year ago," the claims might be time-barred, under the one-year limitations statute in Tennessee which applies to this civil rights action.

Because plaintiff's allegations do not state an Eighth Amendment claim for

---

[2] It is unlikely that plaintiff's contentions that he was denied a test constitutes a serious medical need because, while plaintiff alleges that the test was needed, he does not allege that it was *prescribed*. As for the remaining allegations, the Court reads the complaint as alleging that his treatment was ineffective, not as alleging a denial of treatment altogether.

5

deliberate indifference to serious medical needs, this action will be dismissed. 28 U.S.C. § 1915(e)(2); § 1915A. As recognized in the memorandum, medical negligence and mere inadequacy of treatment is not constitutionally proscribed, and therefore, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be frivolous. *See* 28 U.S.C. § 1915(a)(3).

A separate order shall enter.


**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE